UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-1140(JMR/FLN)

| | | |
|---|---|---|
| John B. Estlund | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Metropolitan Life Insurance Co. | ) | |
| | ) | |

Plaintiff, John B. Estlund, seeks to remand this action to state court, arguing that his claims do not arise under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1001 et seq., and complete preemption does not, therefore, apply. Defendant, Metropolitan Life Insurance Co., contends plaintiff's request for "equitable estoppel" falls squarely within the scope of section 502(a) of ERISA, because resolution of plaintiff's claims necessarily involves the terms of an ERISA plan. The Court finds the complaint neither states a cause of action under ERISA nor requires interpretation of an ERISA plan for its resolution. Removal was, therefore, improvident, and the case is hereby remanded to state court.

I. Background

The facts necessary to resolve this issue are brief. While plaintiff's wife was on short-term disability leave, her former employer, Solvay Animal Health, was sold to American Home Products Corporation ("AHPC"). Mrs. Estlund completed an enrollment form for AHPC's Group Universal Life Insurance Plan while on short-term

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

disability leave. When she subsequently went on long-term disability leave, she signed up for continuation coverage and began paying her premiums directly to defendant. Defendant collected those premiums up until the time of Mrs. Estlund's death.

Following his wife's death, plaintiff submitted a claim for life insurance proceeds to defendant. Defendant denied the claim, stating that the terms of AHPC's life insurance plan require an employee to be actively at work to qualify. Because Mrs. Estlund had never been actively at work for AHPC, she never qualified for coverage.

Plaintiff subsequently brought this action in state court, seeking damages for defendant's alleged negligent or intentional misrepresentations in the amount of the life insurance proceeds. Defendant removed the case to federal court, arguing the complaint implicated an ERISA plan, and could therefore be heard in federal court. Plaintiff then brought the instant motion, seeking remand.

II. Analysis

For removal to be proper, a basis for federal jurisdiction must appear on the face of the complaint. Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983). Even if the complaint, on its face, asserts only state-law claims, the action may still be removable under the doctrine of "complete preemption." In the ERISA context, complete preemption

applies if the cause of action falls within the scope of ERISA's civil enforcement statute, 29 U.S.C. § 1132(a), commonly known as section 502(a).

An individual may only bring an action under section 502(a) if he is either a plan participant or a beneficiary. Defendant does not contend plaintiff was a plan participant. Thus, the critical inquiry in this case is whether plaintiff is an ERISA beneficiary. If he is not, he would not be entitled to bring an ERISA action, and his complaint could not be removed on the basis of complete preemption.

The statute defines the term beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1102(8). Defendant contends plaintiff, as Mrs. Estlund's beneficiary, is qualified to bring an action under ERISA because he may be entitled to receive the life insurance benefit. This interpretation of the statute, however, elides the critical portion of the definition: A beneficiary must be designated by a participant. A participant is "any employee or former employee . . . who is or may become eligible to receive a benefit . . . ." 29 U.S.C. § 1002(7).

Defendant's denial of plaintiff's benefit request is based entirely on the fact that Mrs. Estlund was never eligible to

participate in the life insurance plan. That plan, according to defendant, requires an employee to be actively employed. As Mrs. Estlund is now deceased, it is clear that she will never become eligible to participate in the plan. Thus, Mrs. Estlund, by defendant's own admissions, was not a plan participant. Because Mrs. Estlund was not a plan participant, plaintiff is not entitled to bring an action as her beneficiary under ERISA.

Defendant tries to escape this ineluctable conclusion through a highly original, and wholly unsupported, reading of the statutory language. ERISA defines a beneficiary as an individual designated by a plan participant or by the terms of the plan. Although defendant insists Mrs. Estlund was not herself a plan participant, she did fill out a form designating plaintiff as her beneficiary. Therefore, defendant contends, plaintiff has been designated as a beneficiary, and is entitled to bring an action under ERISA.

Defendant's logic is specious. There is no question that Mrs. Estlund was not herself a plan participant. Her enrollment form, on which she designated plaintiff as her beneficiary, is no more part of the ERISA plan than she is. An ERISA beneficiary must be designated by either a plan participant or by the terms of an employee benefit plan. Mrs. Estlund was not a plan participant, and her void enrollment form is not part of any employee benefit plan.

It is clear that plaintiff lacks standing to bring an action under ERISA, and that complete preemption does not, therefore, apply to his action. Moreover, even if he were entitled to sue under ERISA, removal would still be inappropriate, because plaintiff's claims do not relate to, or require the interpretation of, an ERISA plan. Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987).

Defendant has asserted, and plaintiff does not dispute, that Mrs. Estlund never qualified for coverage under the terms of the life insurance plan. Plaintiff does not seek the life insurance proceeds. Rather, plaintiff seeks recovery for his detrimental reliance on defendant's alleged misrepresentations regarding Mrs. Estlund's eligibility for life insurance coverage. The only issue in this action potentially relating to or requiring interpretation of the ERISA plan -- the question of Mrs. Estlund's eligibility -- is undisputed. Resolution of plaintiff's complaint will require reference only to matters outside the ERISA plan.

III. Conclusion

Plaintiff cannot -- and does not -- assert claims relating to an ERISA plan. Instead, his complaint asserts only claims arising under state statutes and common law. The damages sought by plaintiff, however titled, are clearly damages based on detrimental reliance, not entitlement to plan benefits. Federal jurisdiction

does not exist, and the case is properly remanded. Accordingly, IT IS ORDERED that:

This matter is remanded to the state court.

~~LET JUDGMENT BE ENTERED ACCORDINGLY~~.

Dated: December 21st, 2000

JAMES M. ROSENBAUM
United States District Judge